IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE E. WELCH, | No. 2:12-cv-2838-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| CDCR, et al., | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,


84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

In his complaint, plaintiff alleges defendant Knipp and the California Department of Corrections and Rehabilitation (CDCR) in general, is attempting to get him hurt or killed by transferring him to a different prison.  He claims that he has many enemies within the prison system because he killed a known gang member.  He also claims that if he is housed in a dorm, he will likely get hurt or killed due to his sleepwalking.

## II. DISCUSSION

Plaintiff's complaint suffers from a number of defects, only some of which are subject to cure.  First, to the extent plaintiff indicates he is at risk of being hurt or killed, the undersigned finds this claim to be speculative and lacks sufficient basis of facts as alleged.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with

1  "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy,
2  801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only
3  when two requirements are met: (1) objectively, the official's act or omission must be so serious
4  such that it results in the denial of the minimal civilized measure of life's necessities; and (2)
5  subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of
6  inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison
7  official must have a "sufficiently culpable mind."  See id.

8  Under these principles, prison officials have a duty to take reasonable steps to
9  protect inmates from physical abuse.  See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir.
10 1982); Farmer, 511 U.S. at 833.  Liability exists only when two requirements are met:  (1)
11 objectively, the prisoner was incarcerated under conditions presenting a substantial risk of
12 serious harm; and (2) subjectively, prison officials knew of and disregarded the risk.  See Farmer,
13 511 U.S. at 837.  The very obviousness of the risk may suffice to establish the knowledge
14 element.  See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).  Prison officials are not
15 liable, however, if evidence is presented that they lacked knowledge of a safety risk.  See Farmer,
16 511 U.S. at 844.  The knowledge element does not require that the plaintiff prove that prison
17 officials know for a certainty that the inmate's safety is in danger, but it requires proof of more
18 than a mere suspicion of danger.  See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986).
19 Finally, the plaintiff must show that prison officials disregarded a risk.  Thus, where prison
20 officials actually knew of a substantial risk, they are not liable if they took reasonable steps to
21 respond to the risk, even if harm ultimately was not averted.  See Farmer, 511 U.S. at 844.

22 There are no facts alleged as to any specific threat against plaintiff, nor that he is
23 being transferred to and placed in the same yard as a known enemy.  Transfer of prisoners among
24 the different facilities within CDCR is common, and enemy separation occurs even within the
25 same facility.  There is simply not enough facts presented in the complaint for the court to
26 determine whether there is in fact a substantial risk of harm to plaintiff, or that he is being subject

to transfer, notwithstanding the risk, with the defendant's knowledge and disregard of that risk. These defects are curable, and plaintiff will be provided an opportunity to file an amended complaint to allege sufficient facts, if possible, to state a claim for violation of his Eighth Amendment rights to be free from a substantial risk of harm.

Second, to the extent plaintiff is attempting to state a claim regarding a right to remain at a specific facility, such a right does not exist. Prisoners have no liberty interest in avoiding being transferred to another prison. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225-27 (1976); United States v. Brown, 59 F.3d 102, 105 (9th Cir. 1995) (per curiam). Inmates have "no justifiable expectation" that they will be incarcerated in any particular prison, and transferring an inmate to another prison does not infringe a protected liberty interest. Olim, 461 U.S. at 245; Vitek v. Jones, 445 U.S. 480, 489 (1980). This claim is not subject to cure.

Finally, plaintiff names CDCR as a defendant to this action. However, the Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states themselves, and to suits against state agencies. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc). Therefore, this court is prohibited from hearing a suit brought against CDCR. Again, this claim is not subject to cure.

### III. CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

4

Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because some of the defects identified in this order cannot be cured by amendment, plaintiff is not entitled to leave to amend as to such claims.  Plaintiff, therefore, now has the following choices: (1) plaintiff may file an amended complaint which does not allege the claims identified herein as incurable, in which case such claims will be deemed abandoned and the court will address the remaining claims; or (2) plaintiff may file an amended complaint which continues to allege claims identified as incurable, in which case the court will issue findings and recommendations that such claims be dismissed from this action, as well as such other orders and/or findings and recommendations as may be necessary to address the remaining claims.

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend;

2. Plaintiff shall file an amended complaint within 30 days of the date of service of this order; and

3. The Clerk of the Court is directed to send plaintiff a new form Complaint By a Prisoner.

DATED: December 23, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE